TRINETTE G. KENT (State Bar No. 222020)
3219 E Camelback Road, #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Ashley Torres

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Ashley Torres,<br><br>            Plaintiff,<br><br>    vs.<br><br>Associated Credit Services, Inc.; Midwest Recovery Systems, LLC; and Six Flags Entertainment Corporation,<br><br>            Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**FOR VIOLATIONS OF:**<br>**1. THE FAIR DEBT COLLECTION PRACTICES ACT; AND**<br>**2. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Ashley Torres (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against Associated Credit Services, Inc., Midwest Recovery Systems, LLC, and Six Flags Entertainment Corporation (hereafter "Defendants") and alleges as follows:

## JURISDICTION

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("Rosenthal Act").

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), Cal. Civ. Code 1788.30(f), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in Inglewood, California, and is a "person" as defined by 1 U.S.C. § 1 and Cal Civ. Code § 1788.2(g).

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), and is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

6. Defendant, Associated Credit Services, Inc. ("ACS"), is a business entity located in Westborough, Massachusetts, and is a "person" as the term is defined by 1 U.S.C. § 1 and Cal Civ. Code § 1788.2(g).

7. Defendant, Midwest Recovery Systems, LLC ("MRS"), is a business entity located in Florissant, Missouri, and is a "person" as the term is defined by 1 U.S.C. § 1 and Cal Civ. Code § 1788.2(g).

8. Defendant, Six Flags Entertainment Corporation ("Six Flags"), is a business entity located in Grand Prairie, Texas, and is a "person" as the term is defined by 1 U.S.C. § 1 and Cal Civ. Code § 1788.2(g).

9. ACS and MRS use instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and are each a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

10. Defendants, in the ordinary course of business, regularly, on behalf of itself or others, engages in the collection of consumer debts, and are each a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

11. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to Six Flags.

12. Plaintiff's alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, is a "debt" as defined by 15 U.S.C. § 1692a(5), and is a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

13. At all times mentioned herein where any Defendant communicated with any person via telephone, such communication was done via Defendants' agent, representative or employee.

14. Within the last year, Six Flags wrongfully sent the alleged debt to both ACS and MRS for collection.

15. Thereafter, Plaintiff received a debt collection letter from MRS dated August 6, 2019.

16. The very next day, Plaintiff received a debt collection letter from ACS dated August 7, 2019.

17. Both letters purported to attempt collection on the very same alleged debt.

18. On or about August 11, 2019, MRS reported the alleged debt to TransUnion.

19. On or about August 14, 2019, Plaintiff called ACS to inquire about the alleged debt and to find out why MRS had reported the same debt to TransUnion.

20. ACS told Plaintiff that it had "exclusive rights" to the debt and to ignore MRS's collection efforts.

21. On or about August 20, 2019, Plaintiff called MRS to inquire about the alleged debt and find out why MRS had reported the alleged debt to TransUnion.

22. MRS informed Plaintiff that the debt had been transferred to ACS and stated that it had requested TransUnion remove the debt from Plaintiff's credit report.

23. Defendants' convoluted actions would be misleading to the least sophisticated consumer, and Plaintiff was, in fact, confused by Defendants' actions.

24. Defendants' actions caused Plaintiff a significant amount of stress, anxiety and frustration.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

25. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

26. The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.

27. Defendants attempted to collect a debt from Plaintiff and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

28. Defendants used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

29. The foregoing acts and/or omissions of Defendants constitute violations of the FDCPA, including every one of the above-cited provisions.

30. Plaintiff was harmed and is entitled to damages as a result of Defendants' violations.

## COUNT II

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788, *et seq.*

31. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

32. The Rosenthal Act was passed to prohibit debt collectors from engaging in unfair and deceptive acts and practices in the collection of consumer debts.

33. Defendants did not comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.17.

34. Plaintiff was harmed and is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against each Defendant for:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

D. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

E. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

F. Punitive damages; and

G. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: January 17, 2020         TRINETTE G. KENT

By: __/s/ Trinette G. Kent__
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Ashley Torres